# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVE FEGAN,<br><br>    Petitioner,<br><br>    v.<br><br>BRASELTON,<br><br>    Respondent. | Case No. 1:14-cv-01022-SMS  HC<br><br>ORDER PERMITTING PETITIONER TO PROCEED ONLY ON GROUND TWO OR TO DISMISS PETITION PENDING EXHAUSTION OF UNEXHAUSTED CLAIMS ONE AND THREE<br><br>Doc. 1 |

## SCREENING ORDER

Petitioner is a state prisoner serving a sentence of life without possibility of parole plus fourteen years following his December 13, 1995 conviction for violating California Penal Code §§ 187, 190.2, and 459 (murder with special circumstances and burglary). On June 30, 2014, he filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

Contending that his trial defense did not adequately address his mental state following a serious head injury, Petitioner advances two grounds seeking discovery under California Penal Code § 1054.9 to secure evidence necessary to prove that evidence of recent scientific advances relating to chronic traumatic encephalopathy ("CTE") and post-concussive syndrome ("PCS") would have proven that Petitioner's state of mind at the time of the offense did not merit a first- or

second-degree conviction. Petitioner adds as an additional ground that the state's failure to provide him a second attorney in a capital case violated his rights under the Fifth, Sixth, and Fourteenth Amendments to the U.S. Constitution.

**DISCUSSION**

Rule 4 of the Rules Governing Section 2254 Cases provides in pertinent part:

> If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner

The Advisory Committee Notes to Rule 8 indicate that the court may dismiss a petition for writ of habeas corpus either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed. A petition should not be dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave granted. *Jarvis v. Nelson*, 440 F.2d 13, 14 (9th Cir. 1971).

### A.   <u>Propriety of Named Respondent</u>

Petitioner names "Braselton" as Respondent. Petitioner is incarcerated at Pleasant Valley State Prison, which is located in Coalinga, California. The warden of Pleasant Valley State Prison is Scott Frauenheim. The petition does not identify Braselton.

A petitioner seeking habeas corpus relief under 28 U.S.C. § 2254 must name the state officer having custody of him as the respondent to the petition. Rule 2(a) of the Rules Governing § 2254 Cases; *Ortiz-Sandoval v. Gomez*, 81 F.3d 891, 894 (9th Cir. 1996); *Stanley v. California Supreme Court*, 21 F.3d 359, 360 (9th Cir. 1994). The chief officer in charge of California state penal institutions would also be an appropriate respondent. *Ortiz-Sandoval*, 81 F.3d at 894; *Stanley*, 21 F.3d at 360. A petitioner's failure to name a proper respondent requires dismissal of his habeas petition for lack of jurisdiction. *Stanley*, 21 F.3d at 360; *Olson v. California Adult Authority*, 423 F.2d 1326, 1326 (9th Cir. 1970).

Petitioners typically name the warden of the prison in which they are incarcerated. Although Braselton may be an appropriate respondent, in the absence of identification, the Court cannot conclude that to be the case. Petitioner is directed either to identify Braselton as an appropriate respondent under Rule 2(a) of the Rules Governing § 2254 Cases or to substitute Warden Scott Frauenheim.

### B.   Failure to State a Federal Claim (Grounds One and Three)

The scope of habeas corpus is prescribed by statute. Section 2241(c) provides that habeas corpus shall not extend to a prisoner unless he is "in custody in violation of the Constitution." 28 U.S.C. § 2254(a) states, "[A] district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to a judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." *See also* Rule 1 to the Rules Governing Section 2254 Cases in the United States District Court.

The Supreme Court has held that "the essence of habeas corpus is an attack by a person in custody upon the legality of that custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). To succeed in a petition pursuant to Section 2254, a petitioner must demonstrate that the adjudication of his claim in state court "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1), (2).

In grounds one and three, Petitioner fails to state a cognizable federal claim. He does not allege a violation of the Constitution or federal law, nor does he argue that he is in custody in violation of the Constitution or federal law. He alleges only his need to secure discovery pursuant to California Penal Code § 1054.9, a state claim.

///

### C.    **Failure to Exhaust State Remedies (Grounds One and Three)**

The omission of a federal claim in relation to grounds one and three also means that petitioner has not exhausted state remedies with regard to grounds one and three.  A petitioner who is in state custody and seeks to challenge his conviction collaterally must first exhaust state judicial remedies.  28 U.S.C. § 2254(b)(1).).  The exhaustion doctrine is based on comity to the state court and gives the state court the initial opportunity to correct the state's alleged constitutional deprivations.  *Rose v. Lundy*, 455 U.S. 509, 518 (1982); *Franklin v. Johnson*, 290 F.3d 1223, 1230 (9th Cir. 2002).  "The exhaustion doctrine is principally designed to protect the state court's role in the enforcement of federal law and prevent disruption of state judicial proceedings."  *Rose*, 455 U.S. at 518.

A petitioner can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider each claim before presenting it to federal court.  *Duncan v. Henry*, 513 U.S. 364, 365 (1995); *Picard v. Connor*, 404 U.S. 270, 276 (1971); *Johnson v. Zenon*, 88 F.3d 828, 829-30 (9th Cir. 1996).  A federal court will find that the highest state court was given a full and fair opportunity to hear a claim if the petitioner has presented the highest state court with the claim's legal and factual basis.  *Duncan*, 513 U.S. at 365; *Kenney v. Tamayo-Reyes*, 504 U.S. 1, 8 (1992).

The petitioner must have specifically told the state court that he was raising a federal constitutional claim.  *Duncan*, 513 U.S. at 365-66; *Hiivala v. Wood*, 195 F.3d 1098, 1106 (9th Cir. 1999); *Keating v. Hood*, 133 F.3d 1240, 1241 (9th Cir. 1998).  "If a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court."  *Duncan*, 513 U.S. at 365-66.  The Ninth Circuit explained:

> Our rule is that a state prisoner has not "fairly presented" (and thus exhausted) his federal claims in state court unless he specifically indicated to the court that those claims were based on federal law.  *See Shumway v. Payne*, 223 F.3d 982, 987-88

4

(9th Cir. 2000). Since the Supreme Court's decision in *Duncan*, this court has held that the petitioner must make the federal basis of the claim explicit either by citing federal law or the decisions of federal courts, even if the federal basis is "self-evident." *Gatlin v. Madding*, 189 F.3d 882, 889 (9th Cir. 1999) (*citing Anderson v. Harless*, 459 U.S. 4, 7 . . . (1982), or the underlying claim would be decided under state law on the same considerations that would control resolution of the claim on federal grounds, *see, e.g., Hiivala v. Wood*, 195 F.3d 1098, 1106-07 (9th Cir. 1999); *Johnson v. Zenon*, 88 F.3d 828, 830-31 (9th Cir. 1996).

\* \* \* \* \*

In *Johnson*, we explained that the petitioner must alert the state court to the fact that the relevant claim is a federal one without regard to how similar the state and federal standards for reviewing the claim may be or how obvious the violation of federal law may is. *See Johnson*, 88 F.3d at 830-31 (indicating that the petitioner's unarticulated federal claim remains "unexhausted regardless of its similarities to the issues raised in state court").

*Lyons v. Crawford*, 232 F.3d 666, 668-69 (9th Cir. 2000), *amended and superseded by* 247 F.3d 904 (9th Cir. 2001).

Since no federal claim is alleged in grounds one and three, these grounds are not exhausted and may not now proceed.

### D.     Mixed Petition

Because it has been presented to the California Supreme Court with an articulated federal basis, ground two has been exhausted. Because no federal claim was included as part of grounds one or three in the petition or before the California courts, those grounds are not exhausted. Accordingly, the petition in this case is a mixed petition containing exhausted and unexhausted claims. The Court must dismiss a mixed petition without prejudice to give Petitioner an opportunity to exhaust the claim(s) if he can do so. *Rose*, 455 U.S. at 521-22. In the alternative, Petitioner may withdraw the unexhausted grounds and proceed with only ground two, which is exhausted.

### CONCLUSION AND ORDER

Within thirty (30) days of the date of this order, Petitioner may, at his option, move to withdraw unexhausted grounds one and three, and to proceed only on exhausted claim two. In

5

electing to so proceed, Petitioner shall either identify Braselton as an appropriate respondent under Rule 2(a) of the Rules Governing § 2254 Cases or substitute Warden Scott Frauenheim as respondent.

If Petitioner fails to withdraw the unexhausted claims within the thirty days, the Court shall dismiss[1] the petition in its entirety so that Petitioner can return to state court to exhaust the unexhausted claims. *Rose*, 455 U.S. at 520. This dismissal will not bar Petitioner from returning to federal court after exhausting available state remedies; however, Petitioner will remain subject to the one-year statute of limitations imposed by 28 U.S.C. § 2244(d). Although the limitations period is tolled while a properly filed request for collateral review is pending in state court, 28 U.S.C. § 2244(d)(2), it does not toll for the time an application is pending in federal court. *Duncan*, 533 U.S. at 181-82.

IT IS SO ORDERED.

Dated: __**August 20, 2014**__                     __/s/ Sandra M. Snyder__
                                                    UNITED STATES MAGISTRATE JUDGE

---

[1] A dismissal for failure to exhaust is not a dismissal on the merits, and 28 U.S.C. § 2244(b) will not bar Petitioner from returning to federal court after he exhausts available state remedies. *See In re Turner*, 101 F.3d 1323, 1323-24 (9th Cir. 1996). Before returning to federal court, however, Petitioner should exhaust all potential claims so that his petition does not allege unexhausted claims. *See* F.R.Civ.P. 41(a) and (b); *Slack v. McDaniel*, 529 U.S. 473, 489 (2000). "Once the petitioner is made aware of the exhaustion requirement, no reason exists for him not to exhaust all potential claims before returning to federal court." *Slack*, 529 U.S. at 489. Under F.R.Civ.P. 41(b), failure to comply with a court order is grounds for dismissal with prejudice. *Id.* This means that it petitioner returns to federal court and files another mixed petition of exhausted and unexhausted claims, the petition may be dismissed with prejudice.

6