# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVE FEGAN,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>BRASELTON,<br><br>　　　　　Respondent. | Case No. 1:14-cv-01022-AWI-SMS  HC<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING THAT THE COURT DISMISS THE PETITION FOR LACK OF JURISDICTION<br><br><br>(Doc. 14) |

　　　　Petitioner is a state prisoner serving a sentence of life without possibility of parole plus fourteen years following his December 13, 1995 conviction for violating California Penal Code §§ 187, 190.2, and 459 (murder with special circumstances and burglary).  On June 30, 2014, he filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  On October 31, 2014, noting that Petitioner has filed twenty *pro se* post-conviction collateral challenges to the judgment of conviction associated with this case, Respondent moved to dismiss the petition as successive.  Respondent has carefully documented each of Petitioner's prior petitions regarding his 1995 conviction in Merced County Superior Court.  Doc. 17.

**Discussion**

Because Petitioner filed this petition after April 24, 1996, the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) apply. *Lindh v. Murphy*, 521 U.S. 320, 327 (1997). When AEDPA applies, a federal court must dismiss a second or successive petition that raises the same grounds as a prior petition. 28 U.S.C. § 2244(b)(1). The court must also dismiss a second or successive petition raising a new ground unless the petitioner can show that (1) the claim rests on a new retroactive constitutional right, or (2) the factual basis of the claim was not previously discoverable through due diligence, and the new facts establish, by clear and convincing evidence, that but for the constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense. 28 U.S.C. § 2244(b)(2)(A) and (B).

The circuit court of appeals, not the district court, must decide whether a second or successive petition satisfies the statutory requirements to proceed. 28 U.S.C. §2244(b)(3)(A) ("Before a second or successive petition permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application"). This means that a petitioner may not file a second or successive petition in district court until he has obtained leave from the court of appeals. *Felker v. Turpin*, 518 U.S. 651, 656-57 (1996). In the absence of an order from the appropriate circuit court, a district court lacks jurisdiction over the petition and must dismiss the second or successive petition. *Greenawalt v. Stewart*, 105 F.3d 1268, 1277 (9th Cir. 1997).

As Respondent has documented, Petitioner has previously challenged his 1995 conviction by filing multiple petitions with this Court, beginning in 1999. Petitioner presents no indication that he has obtained an order from the Ninth Circuit authorizing the filing of yet another successive petition attacking his 1995 conviction. As a result, this Court lacks jurisdiction to consider the petition and must dismiss it. *See Greenawalt*, 105 F.3d at 1277.

**Conclusion and Recommendation**

The undersigned RECOMMENDS that the Court dismiss the petition for writ of habeas corpus for lack of jurisdiction.

These findings and recommendations are submitted to the Honorable Anthony W. Ishii, United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California.  Within thirty (30) days after being served with a copy, either party may file written objections with the Court, serving a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **December 10, 2014**                **/s/ Sandra M. Snyder**
                                                                      UNITED STATES MAGISTRATE JUDGE

3