# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVE FEGAN,<br><br>    Petitioner,<br><br>    v.<br><br>SCOTT FRAUENHEIM,<br><br>    Respondent. | Case No. 1:14-CV-01022-AWI-SMS HC<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING THAT THE COURT DENY PETITIONER'S REQUEST FOR A CERTIFICATE OF APPEALABILITY<br><br>(Doc. 26) |

Petitioner Steve Fegan is a state prisoner serving a sentence of life without possibility of parole plus fourteen years following his December 13, 1995 conviction for violating California Penal Code §§ 187, 190.2, and 459 (murder with special circumstances and burglary). On June 30, 2014, he filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. On October 31, 2014, noting that Petitioner has filed twenty *pro se* post-conviction collateral challenges to the judgment of conviction associated with this case, Respondent moved to dismiss the petition as successive. Respondent carefully documented each of Petitioner's prior petitions regarding his 1995 conviction in Merced County Superior Court. Doc. 17.

As detailed in findings and recommendations filed December 11, 2014, because Petitioner failed to seek leave to file yet another successive petition from the Ninth Circuit Court of Appeals prior to filing the above-captioned petition with this Court, the District Court is required to dismiss the petition for lack of jurisdiction. *Greenawalt v. Stewart*, 105 F.3d 1268, 1277 (9th Cir. 1997). The District Court entered an order adopting the findings and recommendations on February 12,

1

2015.

Petitioner now requests issuance of a certificate of appealability.  The undersigned recommends that the Court decline to do so.

A petitioner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, but may only appeal in certain circumstances.  *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003).  In a proceeding under 28 U.S.C. § 2255, an applicant may not appeal a District Court judgment unless the District Judge or a Circuit Judge issues a certificate of appealability under 28 U.S.C. § 2253(c).  F.R.App.P. 22(b).  Section 2253(c) provides:

> (c)   (1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from—
>
>> (A)  the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or
>>
>> (B)  the final order in a proceeding under section 2255.
>
> (2)  A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (3)  The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

If a court denies a petitioner's petition, the court may only issue a certificate of appealability "if jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further."  *Miller-El*, 537 U.S. at 327; *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  Although the petitioner is not required to prove the merits of his case, he must demonstrate "something more than the absence of frivolity or the existence of mere good faith on his . . . part."  *Miller-El*, 537 U.S. at 338.

In the present case, the Court finds that reasonable jurists would not find the Court's

2

determination that Petitioner is not entitled to federal habeas corpus relief debatable, wrong, or deserving of encouragement to proceed further.  On at least twenty prior occasions, Petitioner has filed federal petitions for writ of habeas corpus, frivolously and in the absence of good faith.  Despite his extensive history of federal litigation, he has failed or refused to seek leave to file the above-entitled petition from the Ninth Circuit Court of Appeals.  Under applicable law, the District Court had no alternative but to file the dismissal off the above-entitled petition for lack of jurisdiction.

## CONCLUSION AND RECOMMENDATION

The undersigned recommends that the Court DENY Petitioner's motion for a certificate of appealability.

These findings and recommendations are submitted to the Honorable Anthony W. Ishii, United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California.  Within fifteen (15) days after being served with a copy, either party may file written objections with the Court, serving a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **March 4, 2015**                              **/s/ Sandra M. Snyder**
                                                        UNITED STATES MAGISTRATE JUDGE

3

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28